IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EVANSTON INSURANCE COMPANY,
an Illinois corporation,

       Plaintiff,

vs.                                CASE NO.: 4:04cv400-SPM/AK

THE BUDGET GROUP, INC., a
Florida corporation and JAYNE
POTTS, as personal representative
of the estates of William E. Potts,
Mary Potts, and Anna Potts,

       Defendants.
_____/

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

      Pending before the Court are the parties' cross motions for summary

judgment (docs. 23 and 45).  This is a declaratory judgment action filed by

Evanston Insurance Company (Evanston) to determine insurance coverage.  The

issue presented is whether the commercial general liability policy that Evanston

issued to The Budget Group, Inc. provides coverage for a wrongful death suit

against The Budget Group, Inc. by Jayne Potts, as personal representative of the

estates of William E. Potts, Mary Potts, and Anna Potts.

      The parties have stipulated that there are no genuine issues of material

fact present in the record and that this matter may be adjudicated without trial upon the parties' cross motions for summary judgment.  See doc. 52.  Both Evanston and Potts have fully presented their respective positions through extraordinarily well-written briefs.

## I.      Potts' Lawsuit

In July 2002, Dr. William E. Potts, a Florida resident, was vacationing in the State of Montana with his wife, Jayne Potts; his daughters, Mary, Anna, and Elizabeth; his son-in-law Jason Smith; and his grandson Jacob Smith.  On July 4, 2002, William E. Potts was driving a 2002 Ford E-350 Super Club Wagon 15-passenger van that Jayne Potts had rented from Budget Rent A Car, or the Budget Corporation, or both.  The van was involved in a single vehicle accident that killed William E. Potts, Mary Potts, and Anna Potts.

Subsequently, Jayne Potts, as personal representative of the estates of William E. Potts, Mary Potts, and Anna Potts sued Ford Motor Company, Budget Rent A Car Systems, Inc., Budget Rent A Car System, Inc., Budget Rent A Car Corporation, BRAC Group, Inc.[1], Cendant Corporation, and Cendant Car Rental Group, Inc.   As to the Budget entities, Potts alleges:

a.       Budget negligently rented, and negligently allowed its franchisees, licensees, or sublicensees to rent 15-passenger vans to the public when Budget knew or should have known of their dangerous handling propensities.

---

[1]  The BRAC Group, Inc. was formerly known as The Budget Group, Inc., which is the named insured under the Evanston policy.

b.      Budget negligently failed to warn renters or require their franchisees, licensees, or sublicensees to warn renters of the dangerous handling propensities of the 15-passenger vans when Budget knew or should have known of those propensities.

c.      Budget negligently failed to train renters, or require their franchisees, licensees, or sublicensees to train renters regarding safe and proper handling of 15-passenger vans when Budget knew or should have known of their dangerous handling propensities.

## II.     Evanston Policy

Evanston issued a Commercial General Liability policy to Budget.  The policy contains two exclusions.  One is a standard auto use exclusion.  The other is a professional liability exclusion.

The auto exclusion states that Evanston's insurance coverage does not apply to:

> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.

The professional liability exclusion states in relevant part:

> [i]n consideration of the premium charged, it is agreed that the policy shall not apply to loss, cost or expense arising out of "Bodily Injury", "Property Damage", "Personal Injury" or "Advertising Injury", arising out of the rendering of or failure to render any professional services in the conduct of the insured's business.

**III.    Discussion[2]**

In the insurance context, "coverage" is a term that encompasses two basic duties that an insurance company has with respect to its insured. Morgan Int't Realty, Inc. v. Dade Underwriters Ins. Agency, 617 So. 2d 455, 457 (3d Dist. Ct. App. 1993).  One duty is the duty to indemnify; that is to pay money for a claim covered by the policy.  The duty to indemnify arises only after a final determination is made based on the actual facts of the incident that a claim is covered by the policy.  Illinois Ins. Exch. v. Scottsdale Ins. Co., 679 So.2d 355, 358 (Fla. 3d Dist. Ct. App. 1996).

The other duty is the duty to defend; that is to defend the insured in a lawsuit for a claim that may be covered under the policy.  The duty to defend is thought to be much broader than the duty to indemnify because it is determined by examining the allegations made against the insured, without regard to the actual truth or falsity of the allegations.  Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 813 (Fla. 1st Dist. Ct. App. 1985).

If the allegations set forth any facts which potentially bring a claim within the scope of the policy's coverage, then the insurer has a duty to defend.  Id.  All

---

[2]  Florida law applies generally to this case because it is a diversity action. Florida law also applies to the construction of the Evanston insurance policy because The Budget Group, Inc. is a Florida corporation with its principal place of business in Florida, as acknowledged by the Florida address on the Evanston declaration page.  See Serfozo v. Travelers Indem. Co., 788 So. 2d 278 (Fla. 4th Dist. Ct. App. 2000) (a policy is to be construed under the law of the state in which it was delivered).

doubts concerning the existence of a duty to defend are resolved in favor of providing a defense.  Id. at 814.  It is only when a claim undoubtably falls outside the scope of a policy's coverage that an insurer will have no duty to defend, much less a duty to indemnify.  Id.

Evanston argues that Potts' claim undoubtably fall outside of the scope of the policy's coverage based on the auto exclusion and the professional liability exclusion.  A reading of the provisions, however, reveals that they are not applicable.

The auto exclusion does not apply to all claims involving an auto.  Instead, by its own terms, it only applies when the auto is "owned or operated by or rented or loaned to any insured."  Taking each of these qualifiers in turn, first Budget did not own the 15-passenger van at the time of the accident.  It is undisputed that the van was owned by a separate company called P.C. Rental, Inc.  Second, the van was not being operated by Budget, it was being operated by Dr. William E. Potts.  Third, the van was not rented to Budget.  The van was rented to Dr. William E. Potts.  Finally, the van was not loaned to Budget, or to anyone at all at the time of the accident.  It was being rented by Dr. William E. Potts for a fee.  Given the qualifiers included in the plain language of the auto exclusion, the exclusion cannot be applied to bar coverage for Potts' claim.

With respect to the professional liability exclusion, the exclusion precludes claims "arising out of the rendering of or failure to render any professional

services in the conduct of the insured's business."  A professional service is a

service that requires specialized knowledge and calls for mental rather than

physical skills.  7A Appleman, Insurance Law and Practice § 4504.01 (rev. ed.

1979 & Supp. 1990).

Evanston contends that Potts' claim against Budget arises out of a

professional service because Potts alleges that Budget knew or should have

known that the 15-passenger van had poor handling and stability, had low

resistence to rollover, and was uncrashworthy.  Potts alleges that Budget should

have known that the van should be operated only by experienced drivers and

that Budget should have trained potential renters to safely operate the van or

warned renters of the dangerous characteristics.

By any stretch of the term, however, renting vehicles to the public is not a

professional service.  The general definition of the term "professional" refers to "a

person who belongs to a learned profession or whose occupation requires a high

level of training and proficiency."  Aerothrust Corp. v. Granada Ins. Co., 904 S0.

2d 470, 472 (3d Dist. Ct. App. 2005) (quoting Black's Law Dictionary 1246 (8th

ed. 2004).  The cases cited by Evanston show that the exclusion has been

applied to attorneys, psychiatrists, and medical technicians, but there are no

cases applying the provision in the context of an auto rental or anything of the

like.

Some knowledge that the ordinary person may not possess is involved in

passing on a government warning to customers, training workers, or renting vehicles.  But the skills required to carry out those functions do not amount to professional skills.  Accordingly, the professional liability exclusion cannot be applied to deny coverage for Potts' claim.

## IV.    Motion to for Leave to Amend Complaint

Finally, Evanston has sought leave to file an amended complaint to add the BRAC Group, Inc. and Budget Rent A Car Corporation as defendants in this case.  Given the Court's finding that Potts' claim is covered by the Evanston policy and that no exclusions apply, adding these defendants to the case is a moot issue.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.    Potts' motion for summary judgment (doc. 23) is granted and Evanston's motion for summary judgment (doc. 45) is denied.

2.    Evanston's motion for leave to amend complaint (doc. 24) and motion for leave to file a reply (doc. 38) are denied.

3.    The clerk shall enter judgment stating that Potts' claim is covered by the Evanston policy and that no exclusions apply.

DONE AND ORDERED this 30th day of March, 2006.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge